UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Estate of Marvis Lavar Myers, Brittney Myers (individually and as Personal Representative of Estate of Marvis Myers, and as Parent and Guardian on behalf of two minor children, TB and MJ), TB (a minor child by and through his parent and guardian, Brittney Myers), and MJ (a minor child by and through his parent and guardian, Brittney Myers)

Plaintiffs

v.

City of Columbia and Terrance Williams, (in his individual capacity)

Defendants,

CASE NO.: 3:16-cv-00852-MGL

**COMPLAINT**

## INTRODUCTION

1. Plaintiffs, Estate of Marvis Lavar Myers, Brittney Myers (individually and as Personal Representative of Estate of Marvis Myers, and as Parent and Guardian on behalf of two minor children, TB and MJ), TB (a minor child by and through his parent and guardian, Brittney Myers), and MJ (a minor child by and through his parent and guardian, Brittney Myers) (hereinafter referred to as Plaintiffs), brings this action to redress Defendant, City of Columbia's (hereinafter referred to as Defendant City of Columbia) actions in depriving decedent of his constitutional right to life, liberty, and bodily integrity in violation of State and Federal Law to include 42 U.S.C. Section 1983, and the Fifth Amendment to the United States Constitution, and against Defendant Terrance Williams for Wrongful Death and Survivor Action based on his acts in violation of South Carolina State Law.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and, this being a proceeding to enforce rights and remedies secured under 42

U.S.C. Section 1983, as amended. This court also has pendent and supplementary jurisdiction over so much of this action as is based on state law pursuant to 28 U.S.C. Section 1367.

3. Venue is proper in the Columbia division because the Causes of Action arose therein, the acts and practices complained of occurred there and it is where the Defendant does business and may be found.

## PARTIES

4. Plaintiff is the Estate of Decedent, Marvis Lavar Myers, a thirty-one year-old citizen of the United States who deceased on February 6, 2015 in Columbia, South Carolina.

5. Plaintiff Brittney Myers is the wife of the Decedent, Marvis Myers, and the Personal Representative of his estate, and is a citizen and resident of Columbia, South Carolina.

6. Plaintiff MJ is the minor child of Decedent Marvis Myers.

7. Plaintiff TB is the minor step-child of Decedent Marvis Myers and the child of Plaintiff Brittney Myers.

8. Defendant is a Municipal Corporation existing as the capital of the State of South Carolina and acts at all times under color of the laws, customs, regulations, and policies of the State of South Carolina.

9. Defendant Terrance Williams was the foreman of the construction site where decedent died.

## FACTS

10. For two years prior to his death, Decedent Marvis Levar Myers was employed at the Defendant City of Columbia's Department of Public Utilities as a Construction Worker for Defendant's Wastewater Treatment Division.

11. On or about February 6, 2015, Decedent and another employee were working to repair a damaged and leaking sewer line which was located inside of a trench located at in Richland County South Carolina. The work site was designated as a work area by Defendant.

12. On information and belief, the foreman for the job, Defendant Terrance Williams, had previously reviewed the work site with another employee to check the depth of the sewer line and to excavate the work site with a backhoe so that the workers would be able to access the sewer line.

13. Although, the foreman, Defendant Terrance Williams, was well aware of state and federal safety requirements on excavation job sites, he failed to secure a trench box for the worksite prior to excavation of the work area. The trench box was a necessary safety device for the excavation of trenches which is designed to brace the trench

during the excavation and pipe laying process to prevent the collapse of the trench's side wall.

14. Defendant Williams had previously been cited only a week prior for safety violations regarding employee worksites and the Defendant was well aware of his poor performance history in regard to work site safety. Defendant nevertheless, due to its practice of disregarding employee safety in favor of expediency, allowed Defendant Williams supervisory authority over the jobsite.

15. Upon arriving at the worksite on February 6, 2015, Decedent and the other employees worked in the excavation site to repair the damaged sewer line.

16. Although the entire trench worksite was unsafe, Decedent was ordered by Defendant Williams, to work in a particularly dangerous area of the excavation site despite being on notice of loose gravel and signs of an impending trench cave in.

17. Although Decedent protested the danger to his safety, Defendant Williams disregarded Decedent's concerns and, nevertheless, ordered him to continue working in the unsafe trench. Upon information and belief, Defendant Williams held animus towards Decedent as he had written Decedent up only a week prior based upon false and pretextual pretenses.

18. As Decedent proceeded to work in the unsafe excavation site, the trench wall collapsed which caused the trench to cave in. As a result of the trench cave in, Decedent was crushed by the immense weight of the trench sidewalls and other excavation debris causing his death.

19. Upon information and belief, the Defendant City of Columbia allowed the excavation of the work area to proceed despite being aware that the excavation site was dangerous and hazardous to its employees in the absence of a trench box.

20. As a matter of practice and policy, and in complete disregard of state and federal safety laws and regulations, Defendant City of Columbia routinely placed a greater value on expediency as opposed to employee safety as it relates to trenching and the repair of sewer lines. As it would have delayed the completion of the work area excavation and required the blocking of the main road with traffic control and returning to the main shop in order to retrieve a trench box, Defendant disregarded the necessary safety protocols and federal and state law in favor of a swift job completion.

21. Upon information and belief, the Defendant City of Columbia regularly failed to provide trenching and excavation training for its employees to include Defendant Williams and Decedent regarding the safe and proper excavation of trench sites, but nevertheless required them to work in trenches upwards of five to fifteen times per month.

22. As a matter of policy and practice, the Defendant City of Columbia knowingly required its employees to work in complete disregard of safety rules and regulations and in

violation of state and federal work site safety laws and maintained a practice of harshly punishing any employee who raised safety concerns. Defendant City of Columbia also failed to establish a safety audit program to ensure the safety of their job sites.

23. Upon information and belief, Defendant's failure to secure a trench box for the excavation work area was the proximate cause of Decedent's death as it would have prevented the collapse of the trench wall.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 (AS TO DEFENDANT CITY OF COLUMBIA)

24. Each and every allegation set forth above is hereby repeated and fully incorporated herein.

25. That Decedent, Marvis Lavar Myers, at all times, had a right to not be deprived of life or liberty without due process of law pursuant to the Fifth Amendment to the United States Constitution.

26. That Decedent, Marvis Lavar Myers, at all times, had a right to work in a work environment which operated in compliance with Federal Regulations and state and federal laws governing worker safety.

27. That Defendant had an obligation to comply with Federal OSHA Laws governing Occupational Health and Safety.

28. That Defendant, through its adoption of inadequate customs, procedures, practices under color of State Law acted with deliberate indifference to ensuring that Federal OSHA Regulations 1926.651(g)(1), 1926.651(j)(2), 1926.651(k)(1), 1926.651(k)(2), and 1926.652(a)(1) and other state and federal safety laws and regulations were followed by its employees.

29. That Defendant acted, under color of State Law, with deliberate indifference to Plaintiff's civil rights, through its conduct in retaining Defendant Williams as Plaintiff's supervisor even after being placed on notice of Defendant William's complete disregard for the Federal Safety Regulations and failure to secure a trench box for the excavation site in violation of State and Federal Law and Federal OSHA Regulations 1926.651(g)(1), 1926.651(j)(2), 1926.651(k)(1), 1926.651(k)(2), and 1926.652(a)(1) and Plaintiff's Fifth Amendment Rights.

30. As a direct result of the actions, statements and/or policies of the Defendant, acting under color of South Carolina Law, Plaintiff suffered an unconstitutional deprivation of his right to life and liberty pursuant to the Fifth Amendment to the U.S. Constitution and his right to work in a safe work environment pursuant to federal and state law to include Federal OSHA Regulations 1926.651(g)(1), 1926.651(j)(2), 1926.651(k)(1),

1926.651(k)(2), and 1926.652(a)(1).

31. As a direct and proximate result of the Defendant's customs, procedures, practices which Defendant adopted acting under color of State Law, and which resulted in a violation of Plaintiff's statutory / regulatory and constitutional rights as described herein, Decedent suffered deprivation of his physical liberty, deprivation of his life without due process of law, physical and emotional pain and suffering, damage to his bodily integrity, and death.

32. Defendant's actions caused Plaintiffs to suffer damages in the form of psychological harm, extensive medical injuries, substantial damages for pecuniary losses, embarrassment, humiliation, conscious pain and suffering, mental anguish, loss of enjoyment of life, death and other non-pecuniary losses, shock and suffering, wounded feelings, grief and sorrow, funeral and burial expenses, loss of companionship, and deprivation of use and comfort of Decedent's society.

33. That upon information and belief, Plaintiffs are entitled to a judgment for actual damages and punitive damages against Defendant City of Columbia on account thereof.

**SECOND CAUSE OF ACTION PURSUANT TO SC CODE 15-51-10**
**WRONGFUL DEATH (AS TO DEFENDANT TERRANCE WILLIAMS, INDIVIDUALLY)**

34. Each and every allegation set forth above is hereby repeated and fully incorporated herein.

35. On February 6, 2015, Defendant Terrance Williams intentionally, willfully, wantonly, and maliciously ordered Decedent to work in a dangerous excavation site despite Plaintiff's repeated protests that the site was unsafe.

36. That Defendant Terrance Williams was aware of the pending collapse of the excavation site and was also aware that the excavation site was not properly braced with a trench box, yet still required Decedent to work in the excavation site.

37. That Defendant Terrance Williams intended to cause and did cause Decedent to suffer apprehension of an immediate harmful contact as it relates to the collapse of the excavation site.

38. That Defendant Terrance Williams did cause Decedent to suffer an immediate harmful contact as it relates to the collapse of the excavation site.

39. That Decedent did not consent to working in the dangerous excavation site, but was doing such under duress as he was ordered to do so by Defendant Terrance Williams

who was acting outside of the scope of his job duties and with animus towards Decedent and with the intent to harm Decedent.

40. That Defendant William's infliction of bodily harm upon Decedent was intentional and malicious and caused Plaintiffs to suffer damages in the form of psychological harm, extensive medical injuries, substantial damages for pecuniary losses, embarrassment, humiliation, conscious pain and suffering, mental anguish, loss of enjoyment of life, death and other non-pecuniary losses, shock and suffering, wounded feelings, grief and sorrow, funeral and burial expenses, loss of companionship, and deprivation of use and comfort of Decedent's society.

41. That upon information and belief, Plaintiffs are entitled to a judgment for actual damages and punitive damages against Defendant Terrance Williams on account thereof.

**THIRD CAUSE OF ACTION SURVIVORSHIP (AS TO DEFENDANT TERRANCE WILLIAMS, INDIVIDUALLY)**

42. Each and every allegation set forth above is hereby repeated and fully incorporated herein.

43. On February 6, 2015, Defendant Terrance Williams intentionally, willfully, wantonly, and maliciously ordered Decedent to work in a dangerous excavation site despite Plaintiff's repeated protests that the site was unsafe.

44. That Defendant Terrance Williams was aware of the pending collapse of the excavation site and was also aware that the excavation site was not properly braced with a trench box, yet still required Decedent to work in the excavation site.

45. That Defendant Terrance Williams intended to cause and did cause Decedent to suffer apprehension of an immediate harmful contact as it relates to the collapse of the excavation site.

46. That Defendant Terrance Williams did cause Decedent to suffer an immediate harmful contact as it relates to the collapse of the excavation site.

47. That prior to Decedent's death, and as a result of Defendant Williams malicious actions, Decedent suffered conscious pain and suffering both physically and emotionally.

48. That Decedent did not consent to working in the dangerous excavation site, but was doing such under duress as he was ordered to do so by Defendant Terrance Williams who was acting outside of the scope of his job duties and with animus towards Decedent and with the intent to harm Decedent.

49. That Defendant William's infliction of bodily harm upon Decedent was intentional and malicious and caused Plaintiffs to suffer damages in the form of psychological harm, extensive medical injuries, substantial damages for pecuniary losses, embarrassment, humiliation, conscious pain and suffering, mental anguish, loss of enjoyment of life, death and other non-pecuniary losses, shock and suffering, wounded feelings, grief and sorrow, funeral and burial expenses, loss of companionship, and deprivation of use and comfort of Decedent's society.

50. That upon information and belief, Plaintiffs are entitled to a judgment for actual damages and punitive damages against Defendant Terrance Williams on account thereof.

## JURY TRIAL REQUESTED

51. Plaintiffs request a jury trial.

## DAMAGES

52. Every allegation set forth hereinabove is repeated as fully incorporated herein.

53. As a direct and proximate cause of the aforesaid acts and omissions by the Defendant, the Plaintiffs have been injured and damaged and has been subjected to damages in the form of psychological harm, extensive medical injuries, substantial damages for pecuniary losses, embarrassment, humiliation, conscious pain and suffering, mental anguish, loss of enjoyment of life, death and other non-pecuniary losses, shock and suffering, wounded feelings, grief and sorrow, funeral and burial expenses, loss of companionship, and deprivation of use and comfort of Decedent's society.

54. Plaintiffs are entitled to recover actual, compensatory, punitive, consequential damages, special damages, attorney's fees and costs and such other further relief, both legal and equitable, as is deemed appropriate.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this Honorable Court declare that Defendants' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

(1) Declaring the actions complained of herein illegal;

(2) Issuing an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant, and at its direction from engaging in the unlawful practices set forth herein.

(3) Awarding Plaintiffs compensatory and punitive damages for each Cause of Action contained herein, which the jury should find appropriate as a result of the Defendant's outrageous, atrocious, malicious and intolerable conduct and disregard of

Plaintiff's rights in violation of his civil rights pursuant to 42 U.S.C. 1983 and South Carolina Wrongful Death / Survivorship laws.

(4) Awarding Plaintiffs costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(5) Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiffs as this Court may deem just and proper.

Respectfully submitted,

/s/ Donald Gist
Donald Gist, Esquire Federal ID# 7178
Aaron Wallace, Esquire Federal Id# 11469
***GIST LAW FIRM, P.A.***
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax (803) 771-0063
Email: aaronwallace.gistlawfirm@gmail.com
dtommygist@yahoo.com

February 17, 2016