

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ESTATE OF MARVIS LAVAR MYERS; § <br> BRITTNEY MYERS (individually and as § <br> Personal Representative of the Estate of Marvis § <br> Myers, and as Parent and Guardian on behalf § <br> of two minor children, T. B. and M. J.); T. B. § <br> (a minor child by and through his parent and § <br> guardian, Brittney Myers); and M. J. (a minor § <br> child by and through his parent and guardian, § <br> Brittney Myers), § <br>         Plaintiffs, § <br>  § <br> vs. § <br>  § <br> CITY OF COLUMBIA; and TERRANCE § <br> WILLIAMS (in his individual capacity), § <br>         Defendants. § | CIVIL ACTION NO. 3:16-00852-MGL |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT CITY OF COLUMBIA'S MOTION TO DISMISS**

## I.   INTRODUCTION

This case was filed pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the matter under 28 U.S.C. § 1331. Pending before the Court is Defendant City of Columbia (City)'s motion to dismiss Plaintiffs' § 1983 claim against City by way of Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court that City's motion to dismiss will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

This action arises from the February 6, 2015, death of Marvis Lavar Myers (Decedent), whom City employed at the time. ECF No. 5-1 at 2. Prior to his death, Decedent worked at City's Department of Public Utilities as a construction worker for City's Wastewater Treatment Division. *Id.* Decedent was repairing a damaged sewer line at the time the trench he was in collapsed, causing his death. *Id.*; ECF No. 1 ¶¶ 10-11, 18. The Occupational Safety and Health Administration (OSHA) subsequently fined City for its failure to use a trench box as required due to the depth of the excavation. ECF No. 5-1 at 2. Plaintiffs filed a claim for workers' compensation benefits with the South Carolina Workers' Compensation Commission and are awaiting final approval of disbursement. *Id.*

Plaintiffs filed this case on March 16, 2016, alleging violations of 42 U.S.C. § 1983 against City and alleging violations of South Carolina law against Defendant Terrance Williams in his individual capacity. ECF No. 1. Importantly, Plaintiffs propound that City maintains a policy and practice that required Decedent, and continues to require his co-workers, to work in untrenched boxes five to fifteen times per month; and, according to Plaintiffs, City punishes employees who raise safety concerns. *Id.* ¶¶ 19-23. Plaintiffs state that City's policy and practice jeopardizes employee safety in favor of expediency and cost cutting measures. *Id.*

On May 17, 2016, City filed its motion to dismiss Plaintiffs' § 1983 claim directed against it, ECF No. 5, to which Plaintiffs filed a response in opposition on June 2, 2016, ECF No. 9. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

### III.     CONTENTIONS OF THE PARTIES

In its motion to dismiss, City contends that Plaintiffs' § 1983 claim against it should be dismissed because violations of regulations promulgated under the OSHA are non-cognizable under § 1983. ECF No. 5-1 at 2-4. Further, City propounds that, assuming Plaintiffs intend to allege a violation of the Fourteenth Amendment, Plaintiffs' Complaint fails to state a claim for a violation of substantive due process. *Id.* at 4-5. Specifically, City asserts that Plaintiffs' § 1983 claim alleges mere negligence against City, and, consequently, Plaintiffs have failed to state a claim for violation of § 1983. *Id.*

Plaintiffs respond by advancing that they have failed to allege a private right of action pursuant to OSHA regulations; rather, they have argued that City maintains a systematic and purposeful set of policies and practices resulting in the deprivation of the life, liberty, and bodily integrity of City's employees, violating the Fifth and Fourteenth Amendments to the United States Constitution. ECF No. 9 at 6-7. Moreover, Plaintiffs aver that their claim against City does not contain negligence allegations. *Id.* at 6. Instead, Plaintiffs declare that the Complaint alleges City's systematic and purposeful creation of policies, which disregard all measures of safety, that resulted in Decedent's death being more than just merely accidental. *Id.* at 6-7. Furthermore, Plaintiffs posit that City's policies and practices that purportedly resulted in Decedent's death are "arbitrary" and "shocking" to the conscience such that they violate Decedent's substantive due process rights under the Fifth and Fourteenth Amendments. *Id.* at 8.

## IV.    DISCUSSION AND ANALYSIS

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent that "they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, even if doubtful in fact. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, City correctly notes—and Plaintiffs agree—that a plaintiff is unable to bring a private cause of action for violations of OSHA regulations under 42 U.S.C. § 1983. *See Byrd v. Fieldcrest Mills, Inc.*, 496 F.2d 1323 (4th Cir. 1974) (holding that the North Carolina Workmen's Compensation Act precluded a private remedy and dismissing the action). In South Carolina, the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540, expressly provides that all rights and remedies granted therein shall exclude all other rights and remedies owing the employee and his beneficiaries. Consequently, to prevail on their claim under 42 U.S.C. § 1983, Plaintiffs must demonstrate that City deprived Decedent of rights secured by the United States Constitution.

In its interpretation of Plaintiffs' Complaint, City contends that Plaintiffs seek to establish City's liability based on negligence in failing to use the appropriate safety equipment. ECF No. 5-1 at 4-5. Under this interpretation, Plaintiffs would be unable to prevail on their § 1983 claim because the Due Process Clause of the Fourteenth Amendment is inapplicable to a negligent act of a municipality. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that the Due Process Clause of the Fourteenth Amendment is inapplicable to negligent acts of public officials).

However, Plaintiffs point to the allegations in their § 1983 claim to show that the Complaint alleges overarching City policies and procedures that, according to them, "arbitrarily and shockingly violated" Decedent's constitutional rights to life, liberty, and bodily integrity, and they avouch that the Complaint contains no negligence allegations. ECF No. 9 at 5. Although Plaintiffs refer to the Fifth Amendment rather than the Fourteenth Amendment to the United States Constitution, Plaintiffs clearly assert that City violated Decedent's constitutional rights under the Due Process Clause. ECF No. 1 ¶¶ 24-33.

As noted above, when reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). At this stage, viewing the Complaint in the light most favorable to Plaintiffs, the Court holds that Plaintiffs have pled a plausible claim for relief under 42 U.S.C. § 1983 by alleging that City violated Decedent's rights to life, liberty, and bodily integrity under the Due Process Clause of the Fourteenth Amendment. Notably, as observed above, the Complaint propounds that City maintains a policy and practice that required Decedent, and continues to require his co-workers, to work in untrenched boxes five to fifteen times per month and

5

harshly punishes employees who raise safety concerns. ECF No. 1 ¶¶ 19-23. Plaintiffs aver that the City does this to further its policy and practice of jeopardizing employee safety in favor of expediency and cost cutting measures. *Id.* Resolving all inferences in favor of Plaintiffs, such conduct appears to rise above negligent conduct and state a substantive due process claim. Consequently, the Court concludes that City's motion to dismiss will be denied.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that City's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

Signed this 22nd day of June, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
